## No. 13,542.

### DE HERRERA *v.* SCHOOL DISTRICT No. 11.
(51 P. [2d] 350)

Decided October 21, 1935.

Mr. Merle M. Marshall, Mr. Ralph C. Horton, for plaintiff in error.

Mr. J. H. Thomas, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error filed suit against defendant in error in the district court of Conejos county, alleging that at a meeting of the board of directors of the latter, April 5, 1932, with plaintiff present, she was employed to teach a seven month term of school beginning in September, 1932, at a salary of $80 per month. She further alleged that she was ready, able and willing to perform the contract, but was discharged and permission refused her to teach the school as per contract. She claimed damages in the sum of $560. The answer denied the contract. Trial was to the court without a jury, judgment was entered in favor of the school district, and plaintiff assigns error. Reference will be made to the parties in this opinion as plaintiff and the school board.

In brief, the substance of the evidence is as follows: April 5, 1932, the board of three directors—plaintiff being present—offered plaintiff the school at $80 per month. This was less than the district had paid her in the past. She did not accept, but wanted fifteen days in which to give her answer to the president of the board. Some few days elapsed and in a conversation between plaintiff and the president of the board, the possibility of a higher salary was discussed. The president personally agreed to an additional amount above the $80 first offered, but advised plaintiff that it would be necessary to consult the other members of the board. Plaintiff refused the offer, stating that she would rather attend school than to teach at that salary. This statement was

communicated to the other members of the board by the president, and another teacher was employed. Plaintiff was notified of this action and thereupon wrote the board a letter in which she stated that the agreement to hire her, entered into on April 5, was at a salary of $82 per month.

The record of the board meeting is peculiar in form and condition. The secretary of the board, knowing that at the meeting on April 5, it was verbally agreed that plaintiff have ten or fifteen days in which to accept or reject the offer of $80 per month made to her, for some reason entered the following minutes of the proceeding:

"Proceedings of the Board of Directors:

April 5, 1932.

"Special Meeting of the School Board.

"Members Present: Jose I. Cantu, Pres.

Severiano Salazar, Secy.

Estevan Medina, Treas.

"The meeting was for the purpose to employ a teacher for the term of 1932-1933. The board decided to employ Miss. Annie De Herrera for the term at a salary of eighty dollars per month.

"Attest: Severiano B. Salazar, Secy."

An outright acceptance by plaintiff of the offer of the board made on April 5th is not to be found in the evidence. As well stated by the trial court, plaintiff no doubt believed she would be employed, having gained that impression from former dealings with the board, but that she failed to have a definite agreement with a majority of the board members, amounting to a final contract, such as would afford a basis for an action of this kind. That plaintiff was uncertain as to the terms of the alleged agreement is borne out by her letter of August 23rd to the president of the board in which she stated the agreed salary to be $82 per month, and by her verified complaint herein in which it is alleged the employment was to be at $80 per month. The minutes of

520

the meeting above quoted were written by the secretary at a time when, it is agreed by all witnesses, there was no contract. Briefly stated, plaintiff bases her claim of acceptance upon the inconsistent statement that she accepted the employment but wanted ten or fifteen days in which to accept. Her conflicting and uncertain statements concerning the whole matter, made subsequent to April 5, are such as to preclude her claim of offer and acceptance. If there was no contract, it could not be broken. If there was no offer of employment, and no acceptance, there could be no discharge.

The trial court displayed commendable interest in its desire to hear all of the evidence offered. Plaintiff's particular objection is that the judgment is not supported by the evidence. Our examination of the record necessitates the conclusion that the objection is not well taken, and the judgment, being based upon conflicting evidence, will not be disturbed. We must view the record in the light favorable to upholding the judgment, and fair deductions from the evidence before us, we believe, justifies the finding of the trial court.

Judgment affirmed.

Mr. Chief Justice Butler and Mr. Justice Bouck concur.